MAINE SUPREME JUDICIAL COURT                                 Reporter of Decisions
Decision:     2016 ME 156
Docket:       BCD-15-578
Argued:       September 14, 2016
Decided:      October 18, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

## NDC COMMUNICATIONS, LLC

v.

## KENNETH CARLE III

SAUFLEY, C.J.

[¶1]  Following a bench trial on NDC Communications, LLC's complaint and Kenneth Carle III's counterclaim, which arose from a construction and land development dispute, the court (*Murphy, J.*) entered a judgment against Carle, in the amount of $336,681.24, in the Business and Consumer Docket. Carle appeals, arguing that his due process rights were violated during the post-trial process and that there was insufficient evidence to support the judgment.  Specifically, Carle argues that the court failed to provide him a credit due of approximately $25,000, rendering the judgment against him inaccurate by that amount.  We affirm the judgment.[1]

---

[1] We conclude without further discussion that the court did not err in denying Carle's motion for relief from an order that was not a final judgment.  *See* M.R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party . . . from a *final* judgment.") (emphasis added).

## I. BACKGROUND

[¶2] The parties in this matter engaged in an unusually complex set of agreements in the context of the development of a piece of land in Kenduskeag. All of the work, purchases of equipment, and monetary exchanges were undertaken without a written contract. When the parties' working relationship broke down, NDC filed a complaint asserting that it was owed substantial funds from Carle, and Carle counterclaimed against NDC seeking contract remedies and other relief.

[¶3] At the conclusion of the bench trial, the court made extensive written findings in a thirteen-page order. The court concluded that Carle was liable to NDC, but it determined that the state of the relatively chaotic record was such that it could not, without further argument from the parties, determine the exact amount still owed by Carle. Indeed, the parties themselves could not tell the court with any clarity what was owed to whom. Accordingly, the court sought post-trial arguments. In so doing, the court asked NDC to submit an "affidavit" summarizing specific evidence and setting forth a calculation of damages. The court explicitly ordered that the affidavit was to include only evidence that had been admitted at trial and that Carle could submit opposing argument. After receiving the parties' post-trial filings,

the court entered judgment enforcing a mechanic's lien against Carle in the amount of $336,681.24, and requiring Carle to convey title to an excavator to NDC.

## II. DISCUSSION

[¶4] Carle first argues that his due process rights were violated by the post-trial procedures employed by the court, asserting that the court provided NDC an opportunity to present evidence that Carle could not challenge. We are not persuaded. Although the court sought NDC's post-trial argument through the filing of an "affidavit," it explicitly ordered that the affidavit could include only evidence that had been presented during the trial. The purpose and function of the affidavit was to present argument summarizing the evidence of damages, not to present new evidence.

[¶5] To the extent that Carle is arguing that the affidavit did, contrary to the court's order, contain facts not presented at trial, we are similarly unpersuaded. All of the facts referenced in the affidavit were presented at trial—most are found in the multitude of exhibits admitted at trial, and some are found in the testimony of NDC's witnesses. Thus, the court did not err in considering NDC's affidavit, over Carle's opposition, because the affidavit

4

contained only factual statements that are supported by the record evidence—evidence that Carle had a full opportunity to challenge at trial.

[¶6]  Ultimately, it appears that Carle is arguing that he should have been allowed to cross-examine NDC's representative regarding the argument and the mathematical calculations included in NDC's post-trial filings.  Carle, however, had the opportunity to respond to the NDC affidavit and presented his own arguments to the court for consideration.  He was simply not deprived of an opportunity to be heard.

[¶7]  Carle also challenges the sufficiency of the evidence, arguing that the judgment against him failed to credit approximately $25,000 in payments that he argues should have been included in the court's calculations.  Contrary to Carle's contentions, there is sufficient evidence in the record to support the court's judgment, including its determination of damages.  *See In re Guardianship of Hailey M.*, 2016 ME 80, ¶ 15, 140 A.3d 478; *see also Pelletier v. Pelletier*, 2012 ME 15, ¶ 20, 36 A.3d 903 ("In the absence of a motion for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b), we will infer that the trial court made any factual inferences needed to support its ultimate conclusion.").  The court's extensive factual findings are supported in the record, as are the court's ultimate calculations.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Richard Silver, Esq., Lanham, Blackwell & Baber, P.A., Bangor, for appellant Kenneth Carle III

F. David Walker, Esq., and Allison A. Economy, Esq., Rudman Winchell, Bangor, for appellee NDC Communications, LLC

**At oral argument:**

Richard Silver, Esq., for appellant Kenneth Carle III

Allison A. Economy, Esq., for appellee NDC Communications, LLC

Business and Consumer Docket docket number RE-2014-03
FOR CLERK REFERENCE ONLY